UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RIFKA SCHREIBER,                                        Case No.: 1:23-cv-1469-ENV-MMH

                    Plaintiff,                             **FIRST AMENDED COMPLAINT**

                                                                                  **DEMAND FOR JURY TRIAL**

   -against-

CAVALRY PORTFOLIO SERVICES, LLC,

                    Defendant.
------------------------------------------------------------------------x

      Plaintiff Rifka Scheiber (hereinafter, "Plaintiff") brings this First Amended Complaint by and through her attorneys, Stein Saks, PLLC, against the Defendant Cavalry Portfolio Services, LLC ("Cavalry" or "Defendant"), based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

      1.    Congress enacted the Fair Debt Collection Practices Act (the "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action as the Plaintiff was and is a resident of the County of Kings, State of New York.

4. Venue is proper in this judicial district as this is where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff files this First Amended Complaint pursuant to § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at care of C T Corporation System, 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

11. Some time prior to April 29, 2022, Plaintiff allegedly incurred an obligation to non-party original creditor Citibank, N.A. ("Citi").

12. The obligation arose out of a transaction involving a debt to Citi in which money, property, insurance or services, that are the subject of the transaction(s), were incurred primarily for personal, family, or household purposes.

13. The alleged Citi obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. Upon information and belief, Citi sold the debt to Cavalry SPV I, LLC ("SPV").

15. SPV is a "creditor" as defined by 15 U.S.C. § 1692a (4).

16. Upon information and belief, SPV assigned the account to Cavalry to collect the alleged debt.

17. Cavalry collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violations – April 29, 2022 Letter*

18. On or about April 29, 2022, Defendant sent the Plaintiff a corrective collection letter ("the Letter"), a copy of which is attached as Exhibit A.

19. The Letter sets forth that it "IS AN ATTEMPT TO COLLECT A DEBT."

20. The Letter contains contradictory messages concerning restarting the statute of limitations.

21. Specifically, the Letter states as follows:

1. "… if you make a payment on a debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again;"

2. "However, your creditor or debt collector believes that restarting the time period on this debt is prohibited by law, and whether or not you acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt;" and

3. "If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

22. Moreover, in addition to being inherently confusing, the Letter fails to explain whether the debt is subject to sale to a new creditor and/or assignment to a new debt collector that can sue if the Plaintiff acknowledges, promises to pay or makes a payment on the debt.

23. Thus, the potential to restart the statute of limitations is not adequately explained and results in at least five (5) different reasonable interpretations, at least one of which is inaccurate.

24. First, if payment, admission or promise to pay is made, the legal time period to enforce the debt in court may be restarted.

25. Second, restarting the time period to enforce the debt in court is illegal.

26. Third, even if restarting the time period to enforce the debt is legal, Defendant and SPV promise not to sue;

27. Fourth, Defendant and SPV promise not to sue, but no promises concerning resale or reassignment of the debt.

28. Fifth, if anyone other than Defendant and SPV acquire rights to the debt after waiver of the statute of limitations, the time period in which the debt is enforceable in court may start again and you may be sued.

29. By providing conflicting information concerning the potential to restart the statute of limitations, and at least five (5) possible interpretations of the information, the Letter is false, deceptive and misleading.

30. Plaintiff was confused as to whether she could be sued over the debt or not.

31. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

32. Defendant misled the Plaintiff concerning whether she could be sued on the debt following payment, acknowledgment or promise to pay.

33. Defendant's actions were false, deceptive, unfair, and/or misleading.

34. Plaintiff was concerned and confused by the Letter.

35. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

36. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

37. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

38. Because of this, Plaintiff expended time and money in determining the proper course of action.

39. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

40. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect an expired debt.

41. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, was detrimental to the Plaintiff because of the lost opportunity to settle the alleged debt at a discount.

42. In addition, Plaintiff suffered emotional and physical harm because of the Defendants' improper acts, including, but not limited to, apprehension and restlessness.

43. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

44. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

45. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

46. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

47. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

48. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

49. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

50. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

52. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

53. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

54. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats the above allegations as if set forth herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section, inter alia, by:

    a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

      b. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

59. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

60. Plaintiff repeats the above allegations as if set forth herein.

61. Additionally, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

64. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to CPLR 4102(a), Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rifka Scheiber, demands judgment from the Defendant as follows:

1. Awarding the Plaintiff statutory damages;

2. Awarding the Plaintiff actual damages;

3. Awarding the Plaintiff costs, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding such other and further relief as this Court may deem just and proper.

Dated: March 17, 2023                               Respectfully Submitted,

**Stein Saks, PLLC**
/s/ Robert Yusko
Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ryusko@steinsakslegal.com
*Counsel for Plaintiff*